Joshua S. Paster
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
Fax: (212) 309-1100
jpaster@hunton.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVATIVE EDUCATIONAL PROGRAMS, L.L.C.<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DARWIN NATIONAL ASSURANCE COMPANY<br><br>　　　Defendant. | Case No.: _____ |

## COMPLAINT & JURY DEMAND

Plaintiff Innovative Educational Programs, L.L.C. ("Innovative"), whose address is 287 Childs Road, Basking Ridge, New Jersey 07920, files this Complaint and Jury Demand against Defendant Darwin National Assurance Company ("Darwin"), whose address 1690 New Britain Avenue, Suite 101, Farmington, CT 06032, seeking a declaration that Darwin has a contractual duty to defend Innovative in connection with a Civil Investigative Demand (the "Demand") issued by the Department of Justice, Eastern District of New York (the "DOJ"). Innovative also asserts a claim for Darwin's breach of its contractual duty to defend Innovative in connection with the Demand.

## NATURE OF THE ACTION

1.　　This is a duty-to-defend case. Innovative entered into a valid insurance contract with Darwin under which Darwin agreed to provide directors and officers and corporate liability insurance coverage, among other coverages. The insurance policy requires Darwin to defend any

1

"Claims" against Innovative, its executives, and its employees (collectively, the "Innovative Insureds"). The DOJ's Demand commands the Innovative Insureds to produce documents and answer written interrogatories. The Demand constitutes a "Claim" under the meaning of the insurance policy. Under the insurance policy, Darwin has a contractual duty to defend the Innovative Insureds in connection with the Demand.

2.      On several occasions, Innovative requested that Darwin agree to defend and/or pay the defense costs it has incurred, and continues to incur, in connection with the Demand. Each time, Darwin refused to honor its contractual duty to defend. As a result, Innovative has suffered damages in the form of the past and ongoing defense costs that Darwin refuses to pay, among other damages, despite its contractual obligation to do so.

3.      Innovative files this Complaint & Jury Demand seeking a declaratory judgment that Darwin has a duty to defend the Innovative Insureds in connection with the Demand and seeking damages and other relief for Darwin's breach of its contractual duty to defend the Innovative Insureds.

**PARTIES**

4.      Plaintiff Innovative Educational Programs, L.L.C., is a limited liability company formed under the laws of New Jersey and has its principal place of business in New Jersey. Innovative has two members: Anthony O'Donnell and O'Donnell Enterprises, Inc. Mr. O'Donnell is domiciled in New Jersey.  O'Donnell Enterprises, Inc. is a corporation incorporated under the laws of New Jersey and has its principal place of business in New Jersey.  Innovative is a company that provides specialized educational services to school districts in the areas of Early Childhood Education, Special Education, Supplemental Educational Services (No Child

Left Behind), Professional Development, Theme Schools, Alternative Education, and services to charter schools.

5.     Upon information and belief, Defendant Darwin National Assurance Company, now known as "Allied World Specialty Insurance Company," is a corporation incorporated under the laws of Delaware, with its principal place of business in Connecticut.

## JURISDICTION & VENUE

6.     Under 28 U.S.C. § 1332, this Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  *See* 28 U.S.C. § 1332(a).

7.     Under 28 U.S.C. § 1391, proper venue lies in this District because a substantial part of the events or omissions giving rise to Innovative's claims occurred and continue to occur in this District.  *See* 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

**A.     Darwin issues insurance to Innovative requiring Darwin to defend any "Claims" against the Innovative Insureds.**

8.     In exchange for thousands of dollars in premiums, Darwin issued Forcefield$^{SM}$ Private Company Management Liability Package Policy No. 0308-4693 (the "Policy") to Innovative in New Jersey. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9.     The Policy includes directors and officers and corporate liability ("D&O") coverage. The D&O Liability Coverage Section's Insuring Agreements state as follows, in relevant part:

> **A.     "Claims Against Insured Persons – Non-indemnifiable Loss Coverage**
>
> The **Insurer** shall pay on behalf of any **Insured Person** the **Loss** arising from a **Claim**, first made during the **Policy Period** (or Discovery Period, if applicable) against such **Insured Person** for any **Wrongful Act**, and

reported to the **Insurer** in accordance with Section V. of the General Terms and Conditions, unless the **Company** is required or permitted to pay such **Loss** to or on behalf of the **Insured Person** as indemnification.

**B.**     **Claims Against Insured Persons – Indemnifiable Loss Coverage**

The **Insurer** shall pay on behalf of the **Company** the **Loss** arising from a **Claim**, first made during the **Policy Period** (or Discovery Period, if applicable) against any **Insured Person** for any **Wrongful Act**, and reported to the **Insurer** in accordance with Section V. of the General Terms and Conditions, if the **Company** pays such **Loss** to or on behalf of the **Insured Person** as indemnification.

**C.**     **Company Claims Coverage**

The **Insurer** shall pay on behalf of the **Company** the **Loss** arising from a **Claim**, first made during the **Policy Period** (or Discovery Period, if applicable) against the **Company** for any **Wrongful Act**, and reported to the **Insurer** in accordance with Section V. of the General Terms and Conditions."

Policy, D&O Liability Coverage Section § I (emphasis in original).

10.     The D&O Liability Coverage Section's definition of "**Loss**" includes:

(1)     "damages, settlements, or judgments;

(2)     pre-judgment or post-judgment interest;

(3)     costs or fees awarded in favor of the claimant;

(4)     punitive or exemplary damages, or the multiple portion of any multiplied damages award, subject to any applicable Sublimit of Liability, but only to the extent that such damages are insurable under the applicable law most favorable to the insurability of such damages;

. . .

(7)     **Defense Costs**."

Policy, D&O Liability Coverage Section § II. O. (emphasis in original).

11.     The D&O Liability Coverage Section defines "**Defense Costs**" to include, among

other amounts: "reasonable and necessary fees, costs, charges or expenses resulting from the

investigation, defense or appeal of a **Claim**."  Policy, D&O Liability Coverage Section § II.E(1)

(emphasis in original).

      12.     "**Wrongful Act**" means:

         (1)    "with respect to an **Insured Person**, any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by an **Insured Person** in his or her capacity as such, or any matter claimed against an **Insured Person** by reason of his or her status as such;

         (2)    with respect to an **Outside Entity Insured Person**, any actual or alleged act, error, omission, neglect, breach of duty, breach of trust, misstatement, or misleading statement by a person in his or her capacity as an **Outside Entity Insured Person** or any matter claimed against such **Outside Entity Insured Person** by reason of his or her status as such; or

         (3)    with respect to the **Company**, any actual or alleged act, error, omission, neglect, breach of duty, misstatement or misleading statement of the **Company**."

Policy, D&O Liability Coverage Section § II.S (emphasis in original).

      13.     The D&O Liability Coverage Section's definition of a "**Claim**" includes, among

other things, any:

         (1)    "written demand for monetary, non-monetary or injunctive relief made against an **Insured**;

         (2)    judicial, administrative or regulatory proceeding, whether civil or criminal, for monetary, non-monetary or injunctive relief commenced against an **Insured**, including any appeal therefrom, which is commenced by:

            (a)    service of a complaint or similar pleading;

            (b)    return of an indictment, information or similar document (in the case of a criminal proceeding); or

            (c)    receipt or filing of a notice of charges;

         (3)    mediation or arbitration proceeding commenced against an Insured by service of a demand for mediation or arbitration; [or]

(4)    formal civil, criminal, administrative or regulatory investigation of an **Insured Person**, which is commenced by the filing or issuance of a notice of charges, Wells Notice, formal investigative order or similar document identifying such **Insured Person** as a person against whom a proceeding identified in paragraphs (2) or (3) above may be commenced. . . ."

*See* Policy, D&O Liability Coverage Section § II. B (emphasis in original), as amended by Endorsement 14.

14.    The Policy defines an "**Insured Person**" to include any:

(1)    **Executive**;

(2)    **Employee**; or

(3)    **Outside Entity Insured Person**.

*See* Policy, D&O Liability Coverage Section § II. N.

15.    By endorsement, the Policy imposes a duty to defend on Darwin. Specifically, Endorsement No. 11 states, in relevant part:

"**V.**    **DEFENSE AND SETTLEMENT OF A CLAIM**

A.    As part of and subject to the applicable Limit of Liability set forth in Item 4. of the Declarations, the **Insurer** will have the right and duty to defend any **Claim** which is covered in whole or in part under the Insuring Agreements, even if such **Claim** is groundless, false or fraudulent."

B.    In connection with the defense of any **Claim**, as long as there are allegations asserted which are within the coverage afforded by this Coverage Section, the **Insurer** will not allocate any portion of **Defense Costs** to the **Insured** even if there are allegations which are outside of the coverage afforded by this Coverage Section."

*See* Policy, Endorsement No. 11 (emphasis in original).

**B.**    **The DOJ serves the Demand, which commands the Innovative Insureds to answer interrogatories and produce documents.**

16.    In January 2016, the DOJ issued the Demand.

17.     The Demand alleges Innovative engaged in unlawful conduct (which Innovative denies).

18.     The Demand commands the Innovative Insureds to answer written interrogatories and produce documents to the United States Attorney's Office in Brooklyn, New York, and states that "[failure] to comply . . . will render [the Innovative Insureds] liable."

19.     Innovative has incurred reasonable and necessary fees, costs, charges, expenses, and other indemnifiable amounts resulting from the investigation and defense of the Demand against the Innovative Insureds.

**C.     Darwin refuses to provide a defense against the Demand.**

20.     Innovative provided Darwin with timely notice of the Demand and asked Darwin to provide coverage under the Policy. All conditions precedent to coverage, if any, have been met.

21.     Innovative notified Darwin of the Demand and submitted a General Liability Notice of Occurrence/Claim and a copy of the Demand to Darwin.

22.     On March 21, 2016, Darwin acknowledged receiving Innovative's notice and the Demand, responded that it did not have a duty to defend, stating that the Demand did not constitute a "Claim" under the Policy and treating it instead as a "notice of circumstances that may reasonably give rise to a 'Claim.'"

23.     After Darwin denied its duty to defend, Innovative made at least two more requests for Darwin to defend Innovative against the Demand.

24.     Darwin again denied coverage, arguing that the Demand is not a "Claim," on March 30, 2017 and April 27, 2017.

25.     Innovative has suffered damages currently exceeding $75,000 in defense costs, which it continues to incur, while defending the Innovative Insureds against the Demand. Darwin has refused to pay despite owing such amounts under the Policy.

## CLAIMS FOR RELIEF

### CLAIM I
**Declaratory Judgment**
**28 U.S.C. § 2201**

26.     Plaintiff incorporates all of the allegations set forth in Paragraphs 1 through 25 above as if fully set forth and restated herein.

27.     Under the Declaratory Judgment Act, in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  *See* 28 U.S.C. § 2201(a) (2017).

28.     Here, the Demand constitutes a "Claim" asserted against the Innovative Insureds for "Wrongful Acts," and the Policy's D&O Liability Coverage's Insuring Agreements provide insurance coverage for it.  As a result, Darwin has a duty to defend the Innovative Insureds against the Demand.

29.     Specifically, the Demand qualifies as a "Claim" under the Darwin policy because, among other reasons, it constitutes:

> (1)    a written demand for non-monetary or injunctive relief made against an Innovative Insured;
>
> (2)    a civil judicial or regulatory proceeding for non-monetary or injunctive relief commenced against an Innovative Insured, which was commenced by service of a complaint, demand or similar pleading;
>
> (3)    a mediation or arbitration proceeding commenced against an Innovative Insured by service of a demand for mediation or arbitration; and/or

(4)     a formal civil or regulatory investigation of an Innovative Insured, which was commenced by the issuance of a formal investigative order or similar document, such as a civil investigative demand, identifying an Innovative Insured as a person against whom a proceeding, such as a civil judicial or regulatory proceeding for non-monetary or injunctive relief, has been or may be commenced.

30.     Darwin has wrongfully disclaimed its duty to defend the Innovative Insureds and improperly contends that it has no duty to defend the Innovative Insureds under the Policy. By denying its duty to defend, Darwin has breached the Policy.

31.     All conditions precedent to coverage under the Policy, if any, have been satisfied.

32.     Plaintiff is entitled to a judicial determination from this Court that Darwin must fulfill the terms of its Policy and defend the Innovative Insureds against the Demand.

33.     Innovative and Darwin have an actual controversy because Darwin denies its contractual obligation to defend Innovative Insureds against the Demand. This Court has diversity jurisdiction over this matter. A declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and other legal relations between Innovative Insureds and Darwin. Accordingly, Innovative requests that the Court render a declaratory judgment that Darwin has a duty to defend the Innovative Insureds against the Demand, under the terms of the Policy and applicable law.

## CLAIM II
### Breach of Contract

34.     Plaintiff incorporates all of the allegations set forth in Paragraphs 1 through 25 above as if fully set forth and restated herein.

35.     The Policy is a valid and enforceable contract between Innovative and Darwin. The allegations in the Demand fall within the coverage provisions of the Policy.

36.     Here, the Demand constitutes a "Claim" asserted against the Innovative Insureds for "Wrongful Acts," and the Policy's D&O Liability Coverage's Insuring Agreements provide insurance coverage for it. As a result, Darwin has a duty to defend the Innovative Insureds against the Demand.

37.     Specifically, the Demand qualifies as a "Claim" under the Darwin policy because, among other reasons, it constitutes either:

> (1)     a written demand for non-monetary or injunctive relief made against an Innovative Insured;
>
> (2)     a civil judicial or regulatory proceeding for non-monetary or injunctive relief commenced against an Innovative Insured, which was commenced by service of a complaint, demand or similar pleading;
>
> (3)     a mediation or arbitration proceeding commenced against an Innovative Insured by service of a demand for mediation or arbitration; and/or
>
> (4)     a formal civil or regulatory investigation of an Innovative Insured, which was commenced by the issuance of a formal investigative order or similar document, such as a civil investigative demand, identifying an Innovative Insured as a person against whom a proceeding, such as a civil judicial or regulatory proceeding for non-monetary or injunctive relief, has been or may be commenced.

38.     The Policy requires Darwin to defend the Innovative Insureds against "Claims" such as the Demand.  Accordingly, Darwin's duty to defend the Innovative Insureds has been triggered under the Policy.

39.     Darwin has refused to provide a defense to the Innovative Insureds against the Demand and has refused to pay any defense costs incurred in responding to and defending against the Demand.

40.     Darwin has denied a defense to the Innovative Insureds and has refused to pay any defense costs without any reasonable basis.

41.     Darwin has materially breached the contract by refusing to honor its contractual duty to defend the Innovative Insureds against the Demand under the Policy.

42.     As a result of Darwin's breach of contract, Innovative has suffered damages in the form of the past and ongoing defense costs that Darwin refuses to pay. Innovative is being forced to pay for the defense against the Demand without any assistance from Darwin – despite paying thousands of dollars in premiums to Darwin as consideration for the defense of Claims such as the Demand – and has been and continues to be harmed by Darwin's breach of contract.

43.     All conditions precedent to coverage under the Policy, if any,  have been satisfied.

## RELIEF REQUESTED

Innovative requests the following relief from the Court:

(a)     A declaratory judgment that Darwin has a contractual duty to defend the Innovative Insureds against the Demand, under the terms of the Policy;

(b)     A judgment that Darwin has breached its contract with Innovative by refusing to defend the Innovative Insureds against the Demand, under the terms of the Policy;

(c)     Damages, in an amount to be determined at trial but in excess of $75,000.00, for Darwin's repeated refusal to honor its contractual duty to defend Innovative against the Demand;

(d)     Payment and/or reimbursement for the past, ongoing and future attorneys' fees and other defense costs Innovative has incurred, continues to incur, and will continue to incur while defending the Innovative Insureds against the Demand;

(e)     Pre- and post-judgment interest, in the amount allowed by law;

(f)     All costs of court that Innovative has incurred, continues to incur, and will incur in this action;

(g)     The reasonable attorneys' fees that Innovative has incurred, continues to incur, and will incur while attempting to persuade Darwin to honor its contractual duty to defend Innovative against the Demand and in connection with litigating this insurance coverage dispute; and

(h)     Any and all other relief that Innovative is entitled to under the Policy and the law.

## JURY DEMAND

Innovative demands a jury trial on all triable issues within this Complaint & Jury Demand.

Dated: New York, New York
      September 8, 2017

HUNTON & WILLIAMS LLP

By:    *s/ Joshua S. Paster*
      Joshua S. Paster
      200 Park Ave
      New York, NY 10166
      Telephone: (212) 309-1000
      Fax: (212) 309-1100
      jpaster@hunton.com

        – and –

      Walter J. Andrews (*to be admitted pro hac vice*)
      Sergio F. Oehninger (*to be admitted pro hac vice*)
      2200 Pennsylvania Avenue NW
      Washington, DC 20037
      Telephone: (202) 955-1500
      Fax: (202) 778-2201
      wandrews@hunton.com
      soehninger@hunton.com

      *Counsel for Plaintiff*
      *Innovative Educational Programs, L.L.C.*