| | :  |
| --- | --- |
| INNOVATIVE EDUCATIONAL PROGRAMS, LLC, | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : |
| | : Civil Action No. 17-6886 (FLW) |
| v. | : |
| | : MEMORANDUM AND ORDER |
| DARWIN NATIONAL ASSURANCE COMPANY, | : |
| | : |
| Defendant. | |

There are three discovery issues before the Court which, despite their efforts, the parties have been unable to resolve; first, whether Defendant must produce information it redacted or withheld from Plaintiff based on the protections of the attorney-client privilege and/or the work-product doctrine; second, whether Defendant must produce file materials from different claims made by other insureds; and finally, whether Plaintiff must produce the narrative portions of the legal bills it has withheld from Defendant. These issues were discussed during a conference with counsel on May 15, 2019. As a result, the latter two issues have been resolved in the following manner.

With respect to Defendant's request for production of materials related to different claims by insureds other than Plaintiff, Defendant was granted leave to serve reformulated requests in order to discover whether:

> 1) Defendant has ever denied coverage to other insureds under policies with the same definition of "Claim" and the same Professional Services Exclusion; and/or
> 2) Defendant has ever extended coverage to other insureds under

1

policies with the same definition of "Claim" and the same Professional Services Exclusion.

Defendant's reformulated requests will be more narrowly tailored, less burdensome and more likely to yield information relevant to the claims asserted in this case.

With respect to Defendant's request for production of the narrative portions of the legal bills associated with Plaintiff's response to the Civil Investigative Demand, counsel have agreed to submit these materials to the Court for in-camera review to determine whether Plaintiff's assertion of privilege is appropriate. Plaintiff must do so by June 21, 2019.

Finally, with respect to Plaintiff's request for production of the redacted portions of Defendant's claim file materials, Plaintiff maintains, "based on the unredacted information in the claim notes and descriptions in the privilege log, [Defendant] has improperly redacted and/or withheld certain emails and claim notes." ECF No. 31 at pp. 1-2. To the contrary, Defendant maintains "the information [it] has redacted or withheld from its document production to date is not discoverable because it is protected from disclosure by the attorney-client privilege and/or the work product doctrine." ECF No. 32 at pp. 1-2.

The material in dispute was generated during the six-month period from March 20, 2017, when Plaintiff first challenged Defendant's earlier denial of

coverage (i.e.: by letter dated March 21, 2016), to September 8, 2017 when Plaintiff commenced this action. *Id.* Counsel has represented that Defendant has not redacted or withheld any materials from its claim file that predate March 20, 2017.

Plaintiff argues that Defendant "has produced no evidence that it had any reasonable anticipation of litigation prior to [Plaintiff's filing suit]. ECF No. 31 at p. 3. Further, Plaintiff argues, "the mere prospect of litigation does not convert [Defendant's] ordinary course of business investigative files into work product." *Id.* (citations omitted). Citing <u>St. Paul Reins. Co. v. Commercial Fin. Corp.</u>, 197 F.R.D. 620 (N.D. Iowa 2000) as well as <u>Westwood Prods., Inc. v. Great Am. E&S Ins. Co.</u>, 2011 WL 3329616 (D.N.J. 2011), Plaintiff correctly notes that an insurer cannot shield claim documents from production simply by engaging counsel to conduct its investigation of a claim for coverage. Neither are an investigating attorney's mental impressions, conclusions or opinions protected if they are purely part of the insurer's investigation and evaluation of coverage and not part of its preparation for anticipated litigation. <u>St. Paul</u> at 637.

On March 21, 2016, Defendant denied Plaintiff's claim for coverage. On March 20, 2017, Plaintiff's coverage counsel, Lowenstein Sandler, wrote to Defendant demanding that Defendant withdraw its denial. As a result, Defendant's coverage counsel responded to Plaintiff's demand. Thereafter, through their

respective coverage counsel, the parties exchanged several letters during which Defendant consistently maintained its determination to deny coverage. Based upon the Court's review of this correspondence (copies of which are attached as Exhibits to ECF No. 32), it does not appear that Defendant was engaged in any further investigation of the claim, any reconsideration of its coverage decision, or any effort to resolve its differences with Plaintiff. Rather, it appears Defendant engaged its coverage counsel for the purpose of seeking legal advice in reasonable anticipation of litigation over its decision to deny Plaintiff's claim. As a result, the Court finds, Defendant's communications with its coverage counsel after March 20, 2017 are protected by the attorney-client privilege. Accordingly, Plaintiff's request to compel production is DENIED.

It is So Ordered, this 12th day of June 2019.

    s/ Douglas E. Arpert
**DOUGLAS E. ARPERT**
**United States Magistrate Judge**